**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2950
_____

In re: SUNG HO MO,
                                             Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-22-cv-07453)
District Judge:  Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 28, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: August 30, 2024)
_____

OPINION[*]
_____

PER CURIAM

     Kabe Capital, LLC filed a breach-of-contract action against Sung Ho Mo in New

Jersey state court.  Kabe claimed that it is the assignee of a home equity line of credit

(HELOC) secured by a note on a rental property owned by Mo, who had defaulted on

payments of principal and interest under the note.  The state court entered judgment in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

favor of Kabe in the amount of $264,013.35.  See Kabe Capital LLC v. Mo, No. PAS-L-001442-21 (N.J. Super. Ct. – Law Div.).  Soon after, Mo filed a pro se bankruptcy petition under Chapter 11.  That filing effected a stay of the litigation in state court.[1]

In the Bankruptcy Court, Mo filed an amended list of creditors, which included Kabe and other holders of debt secured by real property.  Mo also filed a slew of motions and adversary proceedings to contest the debts and the creditors' related proofs of claim.

The Bankruptcy Court denied Mo's motion to disallow as untimely Kabe's claim, in particular.[2]  Later, Mo challenged on various grounds Kabe's capacity to enforce, as well as the amount of, its claim.  Relying on preclusion principles, the Bankruptcy Court rejected Mo's challenge in an order dated December 16, 2022.  The Bankruptcy Court reasoned that Mo's challenges were (or could have been) litigated in state court and thus could not be relitigated (or newly litigated) in federal court.[3]

---

[1] Even though judgment had already been entered by the state court, Mo removed Kabe's contract action to the District Court, which eventually remanded it back to state court.

[2] Mo effectively conceded in a later filing that his motion to disallow was frivolous.

[3] In addition to his objections to Kabe's proof of claim, Mo filed two adversary proceedings against Kabe.  In the first (BK No. 22-ap-1189), the Bankruptcy Court determined that while Mo's claims attacking the note underlying the HELOC were barred by preclusion principles (again, given the state court judgment), he was not similarly barred from challenging the validity, assignment, and priority of the HELOC itself.  The Bankruptcy Court permitted Mo to file, within thirty days, an amended complaint in that adversary proceeding.  The deadline passed without Mo's filing an amended complaint.

Mo's second adversary proceeding against Kabe (BK No. 22-ap-1322) prompted the Bankruptcy Court to invite Mo to file a motion for reconsideration of its decision in

Mo's appeal of the December 16, 2022 order was dismissed by the District Court, which explained its decision in a wide-ranging letter order entered on October 13, 2023. Mo now appeals the October 13, 2023 order in relevant part.[4]

We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. Insofar as we are reviewing the underlying determinations of the Bankruptcy Court, "we stand in the shoes of the district court, applying a [clear-error] standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions." In re IT Group, Inc., 448 F.3d 661, 667 (3d Cir. 2006) (citation omitted).

Mo's opening brief makes clear that his objections to the substance of Kabe's proof of claim, and his appeals concerning the denial of those objections, are nothing more than an attack on the underlying state court judgment. Mo even asks that this Court declare Kabe's contract action in state court to be "wrongful." Br. 25.[5]

---

the first adversary proceeding; Mo filed such a motion, and it was denied. The Bankruptcy Court ultimately dismissed the second adversary proceeding with prejudice.

[4] Mo's appeal of certain rulings in the October 13, 2023 order related to creditor Wells Fargo is addressed in the concurrently filed opinion for In re Mo, C.A. No. 23-2943.

[5] There is thus superficial appeal to application of the Rooker-Feldman doctrine, see D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923), which bars review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). However, the state court judgment does not meet the criteria for a "Rooker-Feldman 'judgment,'" Malhan v. Sec'y United States Dep't of State, 938 F.3d 453, 459 (3d Cir. 2019), in large part

3

The Bankruptcy Court and District Court relied on preclusion principles to bat away Mo's arguments. We are persuaded by that approach. Cf. In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) ("Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. In addition, New Jersey courts bar the relitigation of finally determined issues through the doctrine of collateral estoppel.") (internal citation and quotations omitted); Mori v. Hartz Mountain Dev. Corp., 472 A.2d 150, 155 (N.J. Super. Ct. - App. Div. 1983) ("[T]he entire controversy doctrine applies not only to matters actually litigated, but to all aspects of a controversy that *might* have been thus litigated and determined.").[6]

Accordingly, the judgment of the District Court will be affirmed. Mo's pending motions are all denied.

---

because the state court litigation was frozen by the automatic stay before the window of opportunity for review of the judgment had shut, see id. at 459-60.

[6] New Jersey law defines the preclusive effect of a judgment issued by a New Jersey court. Paramount Aviation Corp. v. Gruppo Agusta, 178 F.3d 132, 135 (3d Cir. 1999).